CECILIAN OPERATING CORPORATION, Plaintiff, *v.* JOSEPH C. BERKWIT and Others, Defendants.

Supreme Court, New York County   January 9, 1934

*George E. Netter* [*George E. Netter* and *Morris A. Marks* of counsel], for the plaintiff.

*Frederick L. Allen* [*Louis W. Dawson* of counsel], for the defendant Mutual Life Insurance Company of New York.

*Isaac Reiss*, for the defendant Joseph C. Berkwit.

FRANKENTHALER, J. Section 55-a of the Insurance Law does not apply to the policies of the Travelers Insurance Company issued during the year 1918, in view of the fact that the indebtedness to the plaintiff was incurred prior to the enactment of that statute. (*Matter of Messinger*, 29 Fed. [2d] 158; certiorari denied, 279 U. S. 855; *Matter of Firestone*, 2 Fed. Supp. 96; *Matter of Sturdevant*, 29 Fed. [2d] 795.) The case of *Addiss* v. *Selig* (147 Misc. 731; affd., 240 App. Div. 829) has no application here. In that case the court expressly distinguished the situation before it from that presented in the *Messinger* and *Sturdevant* cases, cited above. The action was brought by a creditor of the assured under section 52 of the Domestic Relations Law, in effect at the time the debt was incurred, to reach such portion of the insurance received by the widow as beneficiary as was purchased by premiums in excess of $500 per annum. The court pointed out that the insurance was the property of the widow and not of the assured; that section 52 of the Domestic Relations Law did not make the policy, payable to the widow as beneficiary, the property of the assured, but merely imposed a charge or lien upon the proceeds of the insurance even though they constituted the property of the widow; and that, therefore, " the remedies which the creditors might have had before the enactment of section 55-a of the Insurance Law against the beneficiary under the policies, with whom they had no contract, rested on legislative grant which could be revoked at any time before their rights became vested; that is, before the death of the insured husband " (p. 741). The court was careful, however, to point out that the action did not seek a recovery of the cash surrender value of the policies during the lifetime of the insured. The plaintiff in the case at bar is seeking relief affecting the cash surrender value of the policy during the lifetime of the insured and is making no attempt to invoke the provisions of section 52 of the Domestic Relations

Law. On the authority of the Federal cases mentioned above, the court is constrained to hold that the motion should be granted in full as to the Travelers Insurance Company policies. The court is of the opinion, however, that section 55-a applies to the other policies issued after its enactment, and that the plaintiff is entitled to no relief as to such policies except that heretofore awarded.

The present motion is granted as to the Travelers Insurance Company's policies, and otherwise denied. Settle order.